UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.
3:07CV403-J

MICHELE J. SEAGO PAYNE                                                                 PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                             DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Michele Seago Payne ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

## PROCEDURAL HISTORY

On January 13, 2004, Claimant filed application for disability insurance benefits, alleging that she became disabled as of August 8, 2003. After a hearing, Administrative Law Judge Reynolds ("ALJ") determined that her lumbar spondylosis, cervical and lumbar degenerative disc disease, fibromyalgia, migraine headaches, irritable bowel syndrome, mild obesity, depression, and moderate sensorineural hearing loss were severe impairments that prevented her from returning to her past relevant work as a staff nurse or nurse case manager. The ALJ further found that she retained the residual functional capacity for a significant number of jobs. This became the final decision of the Defendant when the Appeals Council denied review on June 4, 2007.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in conducting his evaluation of the credibility of her testimony, erred in evaluating the opinions of treating physicians, and erred with regard to evaluation of the effects of her fibromyalgia in general. As the Court agrees with these contentions and concludes that remand is necessary, extensive examination of the specifics of the objections is not necessary. Nonetheless, the Court notes that where, as in this case, impairments impose *intermittent* limitations, the credibility of the plaintiff cannot be rejected simply because she "occasionally" engages in certain activities of daily life. That is, the salient question when dealing with conditions such as irritable bowel syndrome, migraine headaches, and fibromyalgia is whether she can perform work tasks on a sustained basis.

With respect to evaluation of plaintiff's fibromyalgia and the treating physician opinions that relate to it, the Commissioner did not have the benefit of the recent case of Rogers v. Commissioner of Social Security, 486 F.3d 234 (6th Cir. 2007), which discussed the elevated importance of treating physician opinion in cases of fibromyalgia. In that case, like this one, the ALJ had relied on

opinions of non-treating physicians who, in turn, relied on the absence of objective findings; in that case, like this one, the ALJ had minimized the significance of the opinions of the physicians who treated the plaintiff for fibromyalgia. In those circumstances, the Sixth Circuit held that the ALJ had failed to accord to the treating physician's opinion the proper weight and that substantial evidence could not be said to support the decision. The court observed that "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight.

      Remand is necessary to give the Commissioner the opportunity to conduct a further analysis with the benefit of more recent legal authority. An order in conformity has this day entered.